## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

|                                              |                        |
|----------------------------------------------|------------------------|
| MARY LOMBARDO,                               |                        |
|     PLAINTIFF,           |                        |
|                                              |                        |
| v.                                           | Case No. 4:13-cv-576   |
|                                              |                        |
| CREDIT SOLUTIONS CORPORATION,                |                        |
|     DEFENDANT            |                        |

## COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. Supplemental Jurisdiction exists pursuant to 28 U.S.C. § 1367.

3. This action arises out of the Defendant's violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereinafter referred to as "FDCPA"), and the Texas Finance Code § 392.001, et seq (hereinafter referred to as "TDCA").

### VENUE

4. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(b), in that the Defendant transacts business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

5. The Plaintiff resides in this Judicial District.

### PARTIES

6. The Plaintiff, Mary Lombardo ("Plaintiff"), is an adult individual residing in Collin County, Texas, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3) and Tex. Fin. Code § 392.001(1).

7. Defendant Credit Solutions Corporation ("Defendant") is a California corporation operating from San Diego, California.

8. The Defendant can be served via its registered agent, Michael Joplin, at 5454 Ruffin Rd., San Diego, CA 92123.

9. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and Tex. Fin. Code § 392.001(6) and is a "third-party debt collector" as that term is defined by Tex. Fin. Code § 392.001(7).

10. The Defendant is not registered to do business in the state of Texas.

11. The principal purpose of the Defendant is the collection of debts using the mails and telephone and other means.

12. The Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the money, property or services which are the subject of the transactions are primarily for personal, family or household purposes.

## FACTUAL ALLEGATIONS

13. At some time in the past, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes, namely an amount due and owing on a personal account (hereinafter the "Account").

14. The Account constitutes a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and is a "consumer debt" as that term is defined by Tex. Fin. Code § 392.001(2).

15. The Account allegedly went into default with the original creditor.

16. After the Account allegedly went into default, the Account was placed with or otherwise transferred to the Defendant for collection.

17. The Plaintiff disputes the Account.

18. The Plaintiff requests that the Defendant cease all further communication on the Account.

19. The Defendant's collector(s) were employee(s) of the Defendant at all times mentioned herein.

20. The Defendant acted at all times mentioned herein through its employee(s).

21. During the one year prior to the date of the filing of this Complaint, the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone calls to the Plaintiff and left messages on the plaintiff's voicemail system.

22. One message left by Defendant within one year of the filing of this complaint was as follows:

> This Message is intended for Mary Lombardo. Mary this is Ignacio calling from the legal department of Credit Solutions Corporation. I'm calling with in regards to a private business matter. I need you to please contact my office at 1-800-567-2187, ext 7241. Your file number to call back 4294293.

23. Another message left by Defendant within one year of the filing of this complaint was as follows:

> (inaudible) intended for Mary Lombardo. If this is not Mary Lombardo, please hang up and do not continue to listen to this legal confidential message only for Mary Lombardo. Ms. Lombardo, this is Ignacio calling from the legal department of Credit Solutions Corporation, calling with in regards to a legal matter of yours that came into my office. If you could please give me a call back at 1-800-567-2187, ext 7241. Your file number to call in 4294293.

24. Defendant's employee(s) left at least two more messages for Plaintiff wherein it identified itself as a caller from Defendant's "legal department."

25. In a return phone call placed in September 2013, an employee by the name of "March" informed plaintiff that Ignacio was out of the office already but that he worked in the "legal department" also and could assist Plaintiff with her "file."

26. One of the calls placed to Plaintiff by Defendant occurred on September 18, 2013 at 9:43 p.m. Central Time.

27. Another of the calls placed to Plaintiff by Defendant occurred on September 19, 2013 at 9:37 p.m. Central Time.

28. Plaintiff resides in the Central time zone and has resided in the Central time zone for many years. Plaintiff was in the Central time zone when the calls referenced in paragraphs 25 and 26 were made by Defendant.

29. It was inconvenient for Plaintiff to receive calls after 9:00 p.m.

30. The Defendant's purpose for these telephone call(s) and message(s) was to attempt to collect the Account.

31. The telephone call(s) and message(s) each individually conveyed information regarding the Account directly or indirectly to the Plaintiff.

32. The telephone call(s) and message(s) each individually constituted a "communication" as defined by FDCPA § 1692a(2).

33. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant made telephone call(s) to the Plaintiff was to attempt to collect the Account.

34. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant had telephone conversation(s) with the Plaintiff was to attempt to collect the Account.

35. The only reason that the Defendant and/or representative(s), employee(s) and/or agent(s) of the Defendant left message(s) for the Plaintiff was to attempt to collect the Account.

36. During the one year prior to the filing of this complaint, while attempting to collect the Account, the Defendant left message(s) for the Plaintiff that did not provide the language required by 15 U.S.C § 1692e(11) and Tex. Fin. Code § 392.304(5)(B).

37. The statements and actions of the Defendant and its representative(s), employee(s) and/or agent(s) constitute illegal debt collection practices and violate 15 U.S.C. § 1695(c)(a)(1) and 15 U.S.C. § 1692e(2)&(3)&(5)&(10)&(11) and 15 U.S.C. § 1692f(6) and Tex. Fin. Code § 392.304(5)(B)&(8)&(14)&(17).

38. All of the conduct by the Defendant and/or its employees and/or agents alleged in the preceding paragraphs was done knowingly and willfully.

39. As a consequence of the Defendant's collection activities and communication(s), the Plaintiff seeks damages pursuant to 15 U.S.C. § 1692k(a) and Tex. Fin. Code § 392.403.

## RESPONDEAT SUPERIOR

40. The representative(s) and/or collector(s) at the Defendant were employee(s) of the Defendant at all times mentioned herein.

41. The representative(s) and/or collector(s) at the Defendant were agent(s) of the Defendant at all times mentioned herein.

42. The representative(s) and/or collector(s) at the Defendant were acting within the course of their employment at all times mentioned herein.

43. The representative(s) and/or collector(s) at the Defendant were acting within the scope of their employment at all times mentioned herein.

44. The representative(s) and/or collector(s) at the Defendant were under the direct supervision of the Defendant at all times mentioned herein.

45. The representative(s) and/or collector(s) at the Defendant were under the direct control of the Defendant at all times mentioned herein.

46. The actions of the representative(s) and/or collector(s) at the Defendant are imputed to their employer, the Defendant.

47. As a direct and proximate result of the aforesaid actions, the Plaintiff seeks damages pursuant to FDCPA 1692k(a).

## COUNT I: VIOLATIONS OF THE FDCPA 15 U.S.C. § 1692, et seq.

48. The previous paragraphs are incorporated into this Count as if set forth in full.

49. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated 15 U.S.C. § 1695(c)(a)(1) and 15 U.S.C. § 1692e(2)&(3)&(5)&(10)&(11) and 15 U.S.C. § 1692f(6).

50. Pursuant to 15 U.S.C. § 1692k the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT II: VIOLATIONS OF THE TEXAS FINANCE CODE

51. The previous paragraphs are incorporated into this Count as if set forth in full.

52. The act(s) and omission(s) of the Defendant and its representative(s), employee(s) and/or agent(s) violated Tex. Fin. Code § 392.304(5)(B)&(8)&(14)&(17).

53. Pursuant to Tex. Fin. Code § 392.403, the Plaintiff seeks damages, reasonable attorney's fees and costs.

## COUNT III – INVASION OF PRIVACY (INTRUSION ON SECLUSION)

54. In the alternative, without waiving any of the other causes of action herein, without waiving any procedural, contractual, statutory, or common-law right, and incorporating all other allegations herein to the extent they are not inconsistent with the cause of action pled here, Defendant is liable to the Plaintiff for invading the Plaintiff's privacy (intrusion on seclusion). Defendant intentionally intruded on the Plaintiff's solitude, seclusion, or private affairs, and such intrusion would be highly offensive to a reasonable person.

55. The Plaintiff suffered actual damages as a result of Defendant's intrusion.

## JURY TRIAL DEMAND

56. The Plaintiff is entitled to and hereby demands a trial by jury.

## DEMAND FOR RELIEF

WHEREFORE, the Plaintiff requests that the Court grant the following:

57. Judgment in favor of the Plaintiff and against the Defendant.

58. Actual damages pursuant to 15 U.S.C. 1692k(a)(1).

59. Statutory damages in the amount of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2).

60. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

61. Damages and reasonable attorney's fees and costs pursuant to Tex. Fin. Code § 392.403.

62. Such other and further relief as the Court deems just and proper.

        Respectfully submitted,

        /s/ Jeff Wood
        Jeff Wood, Esq.
        ArkBN: 2006164
        The Wood Firm, PLLC
        103 N. Goliad, Suite 204
        Rockwall, TX 75087
        TEL: 615-628-7128
        FAX: 615-807-3344
        EMAIL: jeff@mmlaw.pro
        *Attorney for Plaintiff*